IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| Demorrio Hansley, | ) | |
| | ) | |
| Plaintiff | ) | |
| | | |
| v | ) | |
| | ) | |
| C&F Finance Company, | ) | JURY DEMAND REQUESTED |
| | ) | |
| Flowers Honda Dealership | ) | CV523 - 79 |
| Defendant | | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff, Demorrio Hansley, brings this action against the Defendants, C&F Finance Company ("C&F") and Flowers Honda Dealership, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Truth In Lending Act ("TILA"), 15 U.S.C. § 1605 *et seq.*, and the Georgia Uniform Commercial Code ("UCC") *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and where Defendant, C&F and Flowers Honda transact business in this district.

### PARTIES

3. Plaintiff is a natural person who, at all relevant times, resided in the City of Douglas, the County of Coffee, and State of Georgia.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, C&F, is a business entity that regularly conducts business in the State of Georgia and has a place of business located at 5500 Audubon Drive, Henrico, Virginia 23231.

6. Defendant, Flowers Honda, is a business entity that regularly conducts business in the State of Georgia and has a place of business located at 1610 East Jackson Street, Thomasville, Georgia 31792.

7. At all relevant times, the defendants were an entity using instrumentalities of interstate commerce or the mail in a business, the principal purpose of which was the enforcement of security interests.

## FACTUAL ALLEGATIONS

8. The Plaintiff relates the above as if they were recited verbatim.

9. On October 03, 2022, the Plaintiff purchased a 2015 BMW 5 Series (the "Vehicle") from Defendant, Flowers Honda.

10. The Plaintiff purchased the Vehicle for his own personal, family, and household use.

11. The Vehicle constitutes "consumer goods" as defined by Ga. Code § 11-9-102(a)(24).

12. The Plaintiff financed the purchase of the Vehicle.

13. In connection with the transaction, Plaintiff executed a loan agreement (the "Contract"), which granted Flowers Honda and its assignees a security interest in the Vehicle. **Original Contract Enclosed**

14. The Vehicle constitutes "collateral" as defined by Ga. Code § 11-9-102(a)(13).

15. After the Contract was executed, it was assigned to the Defendant, C&F. **(Exhibit A)**

16. C&F is a "secured party" as defined by Ga. Code § 11-9-102(a)(72).

17. Sometime later, the Plaintiff discovered there had been some inconsistencies and fraudulent acts in the Contract.

18. Plaintiff sent a letter to C&F questioning the inconsistencies of his auto loan contract, and requesting information of the full transaction for his records on May 31, 2023. He addressed the letter to Jason E. Long, one of the company's Chief Financial Officers. **(Exhibit B)**

19. On July 6, 2023, the Plaintiff also sent a letter to the Defendant Flowers Honda, designating Sam Denty, the finance manager at the Flowers Honda dealership where the plaintiff bought the Vehicle, as the recipient. **(Exhibit C)**

20. After receipt of the letter, Sam Denty, the finance manager for Defendant, Flowers Honda, contacted the Plaintiff via text message on July 10, 2023, to his cellular device ending in 9183. **(Exhibit D)**

21. On July 17, 2023, Plaintiff received two identical letters and a copy of the contract enclosed from the Defendant, C&F, both dated July, 12, 2023. **(Exhibit E and See Ex. A. for Contract)**

22. On July 18, 2023, Plaintiff sent over a Cover Letter, Affidavit of Revocation of Signature, Affidavit of Fact, Notice of Rescission, an invoice, and a copy of the Contract (the "Admin Process") to the Defendant, C&F. **(Exhibit F and See Ex. A. for Contract)**

23. Using the Affidavit of Fact ("AOF") in the Admin Process, the Plaintiff detailed the specific errors and deceit that were opposed to the federal and state regulations they abide by in the Contract. **(See Ex. F. for AOF and See Ex. A. for Contract)**

24. The Admin Process was delivered to the Defendant's Henrico, Virginia, P.O. Box #38456. The letter was never picked up from the post office by C&F or any of their assignees. The Plaintiff checked the tracking for a status update and saw that the mail would be returning to him on August 4, 2023 because no one from C&F's company had picked it up. **(Exhibit G)**

25. Plaintiff received a letter from the Defendant, C&F, on July 31, 2023. The letter was dated July 27, 2023. The Defendant denied any fraud or deceit after informing C&F of the Contract. The Defendant also expressed that the Plaintiff's assertions were meritless and that the accusations he had made did not apply to the Contract. **(Exhibit H)**

26. The Plaintiff quickly sent a first class letter outlining his plan to challenge C&F Finance Company the day after reading of the Defendants' strategy to persuade him to believe something he knew to be wrong. **(Exhibit I)**

27. Plaintiff sent the letter off to the Defendant, C&F, on August 1, 2023 and the letter was received into the Defendant's P.O. Box #38456 on August 5, 2023 at 7:36am. **(Exhibit J)**

28. At all times, the Plaintiff has sent off letters to the Defendant, C&F's, P.O. Box #38456.

29. At all times relevant hereto, the Defendants, C&F Finance Company and Flowers Honda Dealership, were acting by and through their servants, agents and/or employees

who were operating in accordance with the terms of their employment or agency and directly under their direct supervision and control.

### COUNT I: VIOLATION OF 15 U.S.C. § 1692 et seq., AND GA. UCC CODE et seq.

30. Plaintiff relates to the above paragraphs as if they were recited verbatim.

31. At all times relevant hereto, the Defendants was attempting to collect an alleged debt incurred for personal, family, or household purposes, which is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. At the time aforementioned, the Defendants engaged in the collection of an alleged debt described above. C&F and Honda Flowers Dealership is a "debt collector" as defined by 15 U.S.C. § 1692a(6) insofar as:

a. The Defendants were using instrumentalities of interstate commerce or the mail in a business, the principal purpose of which was the enforcement of security interests.

33. The Defendants are in violation of 15 U.S.C. § 1692e(2)(A) by giving false representation of the amount of debt allegedly owed and by using false representation or deceptive means to attempt to collect any debt Pursuant to 15 U.S.C. § 1692e(10).

34. The Defendants state on the contract that they are the creditor, but Pursuant to 15 U.S.C. § 1692a(4), the Plaintiff is the true creditor due to the extension of his social security number.

35. The UCC Title 13, Ch. 4, Article 4 § 13-4-60 states that in order to show fraud and misrepresentation in the procurement of the contract as a defense to an action on the contract, it is not sufficient to show that false representations were made that were known to be false and that were made with the intention to deceive. It must also be

shown that they exercised due care to discover the fraud. *Charter Medical Mgt. Co. v. Ware Manor, Inc.159 Ga. App. 378, 283, S.E. 2d 330 (1981).*

36. Let it be known that the Plaintiff made it clear about the fraudulent activity and attempted to rectify the situation before filing a lawsuit against the Defendants by sending letters making them aware of the fraud in the Contract.

37. The UCC Title 13, Ch. 4, Article 4 § 13-4-60 also states that If purchaser of personal property has been injured by false and fraudulent representations of seller as to subject matter thereof, the purchaser ordinarily has the choice whether to rescind contract, return article, and sue in tort for fraud and deceit, or whether to affirm contract, retain article, and seek damages resulting from fraudulent misrepresentation. *Bob Maddox Dodge, Inc. v. McKie, 155 Ga. App. 263, 270, S.E. 2d 690 (1980).*

38. Let it be known that the Plaintiff rescinded the contract in **Exhibit F** properly.

39. The Plaintiff wishes to move this court in his favor.

## COUNT II: VIOLATION OF THE TRUTH IN LENDING ACT AND 15 USC § 1605 *et seq.*

40. Plaintiff relates the above paragraphs as if they were recited verbatim.

41. In accordance with 15 U.S.C. § 1601, TILA mandates that lenders point out particular disclosures regarding crucial terms such as the APR, finance charge, etc., before becoming legally liable for the loan.

42. In accordance with TILA, 15 U.S.C. § 1605 states that the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended.

43. The Defendant, C&F, violated this right, as shown above in **Exhibit A** as the finance charge is not the sum of all charges.

44. In accordance with TILA, any of the following costs that apply as mentioned below are examples of charges that are included in the finance fee. In accordance with 15 U.S.C. § 1605(c), charges or premiums for insurance policies written in connection with any consumer credit transaction that cover liability resulting from the ownership or use of property must be included in the finance charge. This includes insurance policies that cover property damage and liability.

45. In accordance with TILA, on the PLaintiff's contract with the Defendant under the Retail Installment Sale Contract (RISC), it states, "You, the buyer, may buy the vehicle below for cash [OR] on credit. By signing this contract, you chose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller/Creditor the amount financed and finance charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending-Disclosures below are part of this contract."

46. The Defendant, C&F, is in violation of 15 U.S. Code § 1605(a). The finance charge does not include charges of a type payable in a comparable cash transaction (i.e., deposits or monthly payments).

47. The Plaintiff wishes to move this court in his favor.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Demorrio Hansley respectfully requests that this court award the following:

a. Actual damages including the termination of any lien on the Plaintiff's property along with the title to the Vehicle pursuant to 15 U.S.C. § 1692k;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. An award under the UCC of finance charges of $500 plus 10%;

d. Punitive damages and;

e. Any other relief that is just and appropriate.

09/10/2023
DATE

*DeMorrio Hasley*
DEMORRIO HANSLEY
PRO SE PARTY

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Demorrio Hansley

**DEFENDANTS**
C&F FINANCE COMPANY and FLOWERS HONDA DEALERSHIP

(b) County of Residence of First Listed Plaintiff: **COFFEE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
592 Westwood Heights Cir  (PRO SE PARTY)
Douglas, Ga 31535

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [x] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | **IMMIGRATION** |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 462 Naturalization Application / [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692 et seq., TILA ACT, 15 USC 1605 et seq., GA Uniform Commercial Code et seq.

Brief description of cause:
Unfair and deceptive debt collection acts and practices against Plaintiff

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 125,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 09/10/2023
SIGNATURE OF ATTORNEY OF RECORD: X Demorrio Hansley

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Demorrio Hansley
592 Westwood Heights Cir.
Douglas, GA 31535

U.S. District Court
Augusta Division
600 James Brown Blvd.
Augusta, GA 30901

| | Retail |
|---|---|
|  UNITED STATES POSTAL SERVICE. | |
| **G** US POSTAGE PAID $7.75 | Origin: 31533<br>08/11/23<br>1226730768-40 |
| USPS GROUND ADVANTAGE™ | |
| | 0 Lb 13.30 Oz<br>RDC 01 |
| | C065 |
| SHIP TO:  600 JAMES BROWN BLVD<br>AUGUSTA GA 30901-2332 | |

USPS TRACKING® #



9500 1136 7138 3223 6869 21

